UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Chris Willing,<br><br>    Plaintiff<br><br>v.<br><br>State of Nevada,<br><br>    Defendant | Case No. 2:22-cv-00795-CDS-VCF<br><br>Order Denying Plaintiff's Motion for Summary Judgment and Motions to Amend Relief, and Granting Defendant's Motion to Dismiss<br><br>[ECF Nos. 13, 14, 18, 21] |

   Pro se plaintiff Chris Willing bring this action challenging Nevada's "Senate Bill No. 182," the legislation enacted on March 9, 1951, establishing a commission for the three then-sitting Justices of Nevada's Supreme Court to prepare a complete revision and compilation of the constitution and the laws of Nevada. ECF No. 14 at 7. Willing also filed an omnibus motion for a hearing, for summary judgment in his favor (ECF No. 14), and to amend relief[1] (ECF No. 13). Willing's amended relief is his request that this court determine the constitutionality of Senate Bill No. 182. ECF Nos. 13, 21. The State of Nevada, who has not yet been properly served, nonetheless moves to dismiss this action arguing that Willing fails to state a claim and that he is not entitled to injunctive relief. *See generally* ECF No. 18. Having reviewed the moving papers, I have determined I can rule on these motions on the papers and therefore plaintiff's request for a hearing is denied. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). Further, for the reasons set forth herein, I grant the State of Nevada's motion to dismiss without prejudice and I deny plaintiff's motion for summary judgment. Because I am dismissing this action, I deny plaintiff's

---

[1] Willing filed two motions to amend relief (ECF Nos. 13, 21). The relief requested in each is the same in both motions. Because I deny his requested relief in regard to the first motion, Willing's second motion to amend relief is also denied.

motions to amend relief on the basis set forth in the motions but grant leave to amend pursuant to the instructions in this order.

I. Background

Like several similar suits brought in this district, plaintiff contends that "Senate Bill No. 182" is unconstitutional because the 1951 Statute Revision Commission (hereinafter "the Commission") included three Nevada Supreme Court Justices: Merrill, Badt, and Eather. Willing contends their selection violated (1) the separation of powers doctrine as it constituted an improper delegation of legislative powers to the judiciary (2) the Nevada Constitution's probation on dual employment, and (3) his due process and equal protection rights. *See generally* Compl., ECF No. 4. Last, Willing alleges that the inclusion of the Justices on the Commission was a violation of the Justices' Judicial Code of Conduct. *Id.* at 12. As relief, plaintiff seeks to vacate his underlying convictions and sentence, and to be granted time served. *Id.* at 4.

II. Discussion

    *a. Willing's motion for summary judgment is denied.*

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *see also* Fed. R. Civ. P. 56. A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . ." Fed. R. Civ. P. 56(c)(1)(A).

An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v.*

*Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id*. Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun*, 509 F.3d at 984 (9th Cir. 2007). When considering a motion for summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

Summary judgment proceeds in a burden-shifting step analysis. The burden starts with the moving party who bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, and other evidence which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden of showing the absence of a material and triable issue of fact, the burden then moves to the opposing party, who must present significant probative evidence tending to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

Willing brings this action under 42 U.S.C. § 1983, which provides in relevant part that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." "Section 1983 does not create any substantive rights, but rather is a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To prevail on his § 1983 claim, Willing must prove two essential elements: (1) "that a right secured by the Constitution or laws of the United States was violated," and (2) "that the alleged violation was committed by a person acting under the

color of State law." *Long v. Cty. Of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Liberally construing[2] Willing's complaint, he alleges that the inclusion of the three Nevada Supreme Court justices on the Commission violates his due process and equal protection rights under the Fourteenth Amendment. As the moving party, plaintiff fails to meet his initial burden demonstrating, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party as to disputed material facts. *Celotex*, 477 U.S. at 323. Plaintiff only provides a list, signed by plaintiff, containing conclusory statements regarding what he believes to be constitutional violations, a copy of Senate Bill No. 182, and a copy of Article III of the Nevada Constitution. *See* ECF No. 14 at 6. These documents do not prove, by admissible evidence, either essential element of a 1983 claim. *See Hernandez v. Spacelabs Medical Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003) (noting that a party "cannot defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements"). For this reason, the court must deny plaintiff's motion for summary judgment.

      b.   *The State of Nevada's motion to dismiss for failure to state a claim is granted.*

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted). In considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Further, a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[2] "A document filed *pro se* is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

4

relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The State of Nevada moves to dismiss this action on two grounds.[3] First, the State of Nevada moves to dismiss this action because the relief sought in the complaint violates the *Heck* doctrine. As relief, plaintiff requests injunctive relief in the form of vacating his sentence and being awarded credit for time served. ECF No. 18 at 3-4. I agree with the State of Nevada that a plaintiff cannot seek this type of relief through a 42 U.S.C. § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (plaintiff cannot challenge "the fact or duration of his confinement" in a § 1983 claim). In order to vacate his sentence, Willing would have to prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This holding has become known as the "Heck preclusion doctrine," the purpose behind which is to avoid expanding opportunities for collateral attack to convictions and to promote finality and consistency of judicial decisions. *Id.* at 484-85. "[T]he relevant question is whether success in a subsequent § 1983 suit would 'necessarily imply' or 'demonstrate' the invalidity of the earlier conviction or sentence[.]" *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (quoting *Heck*, 512 U.S. at 487). This action calls into question the validity of Willing's prior conviction and sentence, therefore the *Heck* doctrine applies and this action is barred.  Because it is barred by *Heck*, the State of Nevada is entitled to dismissal of this action.

---

[3] The plaintiff filed an opposition to the motion, but it is mostly nonresponsive and fails to provide points and authorities in support of the conclusions Willing asserts. *See generally* ECF No. 20. Willing is reminded he is required to comply with the local rules. As relevant here, Willing is reminded that Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d).

5

After defendant filed its motion to dismiss, plaintiff re-filed his motion to amend relief asking to remove his requested injunctive relief, vacatur of his sentence, and award of credit for time served. ECF No. 21. Instead, plaintiff's only requested relief is for this court to rule on the constitutionality of Senate Bill No. 182. Removing the additional requested relief does not negate the application of the *Heck* doctrine. But even if it somehow did, the state would still be entitled to dismissal in its favor because the plaintiff cannot demonstrate that the Commission was unconstitutional because it included the three Justices, and plaintiff's allegations alone of judicial misconduct are insufficient to maintain this action.

The Nevada Supreme Court addressed a similar challenge on the merits to the Commission in *Taylor v. State*, 472 P.3d 195 (Nev. 2020) (table). There, the Court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau – which succeeded the statute revision commission – codifies and classifies" laws "in a logical order, but does not itself exercise the legislative function." *Id.* at *5. *Taylor* held that the district court did not err in denying Taylor's claim for relief because the plaintiff failed to show how the Commission "encroached upon the powers of another branch of government, violating the separation of powers." *Id.* (citing *Comm'n on Ethics v. Hardy*, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch of government from encroaching on the powers of another branch.")).

Willing's action suffers the same deficiency. He repeatedly asserts that the creation of the Commission was unconstitutional solely because the three Justices were a part of this new Commission (*see generally* ECF No. 4; Opp., ECF No. 20) but fails to show how the Commission unconstitutionally encroached upon another branch of government and violated the separation of powers doctrine. To properly state a claim, Willing must illustrate, if possible, how a right secured by the Constitution or laws of the United States was violated by the inclusion of Justices Merrill, Badt, and Eather on the Commission, and that their inclusion "improperly encroached upon the powers of another branch of government, violating the separation of

powers." *Taylor*, 472 P.3d 195 at 5. Accordingly, the State of Nevada's motion to dismiss for failure to state a claim is granted without prejudice.

Willing moves to amend the relief sought by bringing this action in the complaint, now only seeking a determination on the constitutionality of Senate Bill No. 182. *See* ECF No. 13 at 2; ECF No. 21. His motion to amend on that basis is denied. However, because leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), I grant Willing leave to amend to cure the aforementioned deficiencies in the complaint. Specifically, Willing has leave to amend by alleging additional plausible facts to show that the inclusion of Justices Merrill, Justice Badt, and Justice Eather on the Commission violated a right secured by the Constitution or laws of the United States. I do not give Willing leave to assert new claims.

If Willing chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in and of itself. This means that the amended complaint must contain all facts and claims and identify all defendants that he intends to sue. Willing must file an amended complaint on the court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Willing must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, Willing should allege facts sufficient to show what each defendant did that constitutes a violation of 42 U.S.C. § 1983. Re-filing the same allegations with the same exhibits will be insufficient and may be grounds for dismissing this action.

III.   Conclusion

IT IS HEREBY ORDERED that defendant's motion to dismiss [ECF No. 18] is GRANTED. Willing's complaint, ECF No. 4, is dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's motions to amend relief [ECF Nos. 13, 21] are DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment [ECF No. 14] is DENIED.

If Willing chooses to file an amended complaint, he must do so by May 12, 2023, and follow the instructions in this order.

SO ORDERED.

_____
U.S. District Judge Cristina D. Silva
Dated: April 12, 2023